## Case No. 15,848.

UNITED STATES v. MYERS.

[16 N. B. R. 387.] [1]

District Court, E. D. Virginia. Nov. 27, 1877.

BANKRUPTCY — OBTAINING GOODS UNDER FALSE PRETENSES—INDICTMENT.

1. An indictment under section 5132, Rev. St. U. S., will lie before an order of adjudication in bankruptcy.

2. An indictment for obtaining goods under false pretenses, founded upon the ninth clause of section 5132, need not charge an intent to defraud creditors generally.

3. Such an indictment need not contain the negative averment that the accused was in fact not carrying on business and dealing in the regular course of trade when he obtained credit for goods on false pretenses.

This was an indictment [against Jacob E. Myers] for violating the 9th clause of section 5132 of the Revised Statutes of the United States. The case is heard on a motion to quash the indictment. The grounds of the motion are set forth in the judge's decision.

The indictment charges that proceedings in bankruptcy were commenced on the 15th November, 1877, against the accused, upon the petition of Edward Mahon and J. Francis Mahon, creditors of the accused, pursuant to the statute in such case made and provided; and that accused did, within three months next preceding the commencement of said proceedings in bankruptcy, to wit, on divers days and times from the thirty-first day of August to the day and year last mentioned, under the false color and pretense of carrying on business and dealing in the ordinary course of trade, obtain on credit from the said Mahons a large quantity of goods and chattels, to wit, twenty-five cases of shoes of the value in all of eighteen hundred dollars, with intent then and there to defraud the said Edward Mahon and J. Francis Mahon, and other persons to the grand jurors unknown, against the form of the statute in such case made and provided.

L. L. Lewis, U. S. Atty., and B. W. Hoxsey, his assistant, for prosecution.

A. G. Holladay and D. J. Godwin, for accused, on motion to quash the indictment.

HUGHES, District Judge. Counsel for the accused base their motion on three grounds:

(1) They say that there has been no adjudication upon the petition in involuntary bankruptcy filed by Mahon & Co. against the accused, and hold that the court has no jurisdiction to try the indictment; citing among other authorities U. S. v. Prescott [Case No. 16,084].

(2) They say, further, that the intent charged by the indictment ought to have been an intent to defraud creditors generally, and not merely the creditors signing the petition in involuntary bankruptcy, holding that the

addendum, "and other persons to the grand jurors unknown," used by the pleader, has no value; and they cite among other cases U. S. v. Clark [Case No. 14,806], and U. S. v. [Penn Id. 16,025].

(3) They say, in the third place, that the affirmative charge in the indictment of obtaining the goods on credit, "under the false color and pretense of carrying on business and dealing in the ordinary course of trade," is not sufficient, and that there should have also been the negative averment, that the accused was not, in fact, carrying on business and dealing in the ordinary course of trade. They cite in support of this objection to the indictment the decision of Mr. District Judge Miller in U. S. v. Prescott [supra].

I. As to the first point, it is not well taken. It is true that under the law as it was before the adoption of the Revised Statutes of the United States, on the 22d June, 1874 [18 Stat. 178], there could be no indictment under section 44 [14 Stat. 539], until after there had been an adjudication in bankruptcy. Until then the language of, that section was: "From and after the passage of this act, if any debtor or bankrupt shall, after the commencement of proceedings in bankruptcy," do certain acts, or "within three months before the commencement of proceedings of bankruptcy," obtain goods on false pretenses, "he shall be guilty of a misdemeanor, and upon conviction" be punished, etc. And section 28 of the act as it then was provided that "the filing of a petition for adjudication in bankruptcy, either by a debtor in his own behalf, or by any creditor against a debtor, upon which an order may be issued by the court, etc., etc., shall be deemed and taken to be the commencement of proceedings in bankruptcy under this act." The language of the law as it stands in the Revised Statutes of 1874 is different. Section 5132 provides that "Every person respecting whom proceedings in bankruptcy are commenced, either upon his own petition or upon that of a creditor, . . . who, within three months before the commencement of proceedings in bankruptcy," obtains goods on false pretenses, etc., etc., "shall be punishable by imprisonment," etc.; and section 4991 provides that "the filing of the petition for an adjudication in bankruptcy, either by a debtor in his own behalf, or by any creditor against a debtor, shall be deemed to be the commencement of proceedings in bankruptcy." While it was a question, therefore, in 1870, when the case of U. S. v. Prescott [supra], was decided, whether an indictment for obtaining goods on false pretenses would lie before adjudication, there is no such doubt now. The mere fact of "filing the petition" in involuntary bankruptcy fixes the date and fact of the "commencement of proceedings in bankruptcy," and renders the right and power of prosecution wholly independent of the adjudication.

II. Nor is the second point of the accused's

counsel well taken. The indictment in the case of U. S. v. Clark [supra] was for fraudulently disposing of goods which had been obtained on false pretenses with intent to defraud creditors, and was founded upon the tenth clause of section 5132. In such a case it is necessary to charge an intent to defraud creditors generally. But for the bankruptcy law, the laws of most of the states allow a debtor to dispose of his property for the benefit of some creditors to the prejudice of others. But the bankruptcy law makes such disposal a fraud upon others, and makes it a criminal offense. It was therefore necessary to make the intention to defraud creditors generally a necessary ingredient of the offense defined in the tenth clause of section 5132. But the case of obtaining goods on false pretenses is quite a different one. If the goods are obtained from one person only, the intent to defraud that person alone makes a complete offense, and therefore it is only necessary to charge the intent as having existed with respect to that person.

III. I have more difficulty in regard to the third point taken by counsel for the accused. If they had stated their proposition less broadly, I might possibly have sustained them. But stated in the breadth which they give it, I do not feel authorized in sustaining it. If I may, by way of argument and illustration, refer to the case as set forth against the accused by the petition in bankruptcy, it is, that being a regular dealer in dry goods and shoes of long standing, and until lately of high credit and standing, he did, while carrying on business in the regular course of trade, yet obtain a very large quantity of goods on pretense of meaning to use them in his regular business, with intent to dispose of those particular goods out of the regular course of trade, at a sacrifice for ready cash, with intent to defraud the jobbers who trusted him for the price of the goods. Now, my opinion is that this offense, committed by a regular dealer, is indictable under the ninth clause of section 5132. But the proposition of the counsel of the accused is, that a regular dealer cannot commit the offense denounced by that clause. They claim that the indictment should have contained the negative averment, that the accused was not, in fact, carrying on business and dealing in the regular course of trade at all. I think that such an averment is not essential. It was not made in this case because it could not have been made with truth. The accused was a regular dealer; and his false pretenses were only held out in regard to the purposes for which he was purchasing on credit the particular goods which he is charged as having diverted, and having intended to divert from the regular course of his trade. I would prefer to have seen a negative averment as to these particular goods in the indictment; but as the absence of it is not complained of by counsel for the accused, the trial must go on, and that matter must take care of itself at a future stage of the proceeding. On this and on all the points of objection to the indictment made by counsel the motion to quash is overruled.